COLLIER & LOVE v. WELBORN. (No. 888.)

(Court of Civil Appeals of Texas. El Paso. Nov. 14, 1918.)

APPEAL AND ERROR ⬤⇒1060(4) — REVIEW — HARMLESS ERROR—IMPROPER ARGUMENT.
Where evidence warranted verdict for plaintiff, and for much larger amount than one actually returned, improper argument by attorney for plaintiff in his address to jury did not constitute reversible error.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by W. C. Welborn against Collier & Love. Judgment for plaintiff, and defendants appeal. Affirmed.

J. A. Buck, of Crosbyton, for appellants. Jno. B. Howard and Clay Cooke, of Pecos, for appellee.

HIGGINS, J. This is a suit by appellee upon an injunction bond to recover damages for the wrongful suing out of the injunction. From a verdict and judgment awarding damages, this appeal is prosecuted; three errors being assigned.

The first complains of the overruling of an exception. In this action there was no error. The remaining assignments complain of improper argument by counsel for appellee in his address to the jury. We think the argument was objectionable, but that it presents no reversible error. Under the evidence, plaintiff was entitled to a verdict, and it was simply a question of the amount. The evidence warranted a verdict for a much larger amount than the one returned. It is apparent the objectionable argument had no improper influence upon the jury. It therefore presents no ground for reversal.

Affirmed.

3. TRIAL ⬤⇒296(9)—INSTRUCTIONS—CURE OF ERROR.
In an employé's action for injuries sustained while alighting from a train, an instruction for plaintiff if the facts relied on by him constituted negligence was not erroneous, as directing a verdict without a finding of proximate cause, in view of other instructions given.

4. APPEAL AND ERROR ⬤⇒1067 — HARMLESS ERROR—FAILURE TO INSTRUCT.
In an employé's action for injuries in alighting from defendant's train which failed to slow up as was its custom, it was not prejudicial error to refuse to charge more specifically as to contributory negligence, where the issues were simple and the facts suggested by the request would naturally be considered by the jury in the absence of instructions.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes